UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 20-cv-21557

AT LAW AND IN ADMIRALTY

ANGELA WAIKSNORIS,

    Plaintiff

v.

NCL (BAHAMAS) LTD d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.

_____/

### PLAINTIFF MOTION FOR LEAVE TO CONVENTIONALLY FILE TWO NON-PDF VIDEOS ATTACHED AS EXHIBITS TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS

The Plaintiff, ANGELA WAIKSNORIS by and through her undersigned counsel, hereby moves to conventionally file two non-pdf videos which are attached as exhibits to Plaintiff's Response to Defendant's Statement of Facts and states as follows:

    1.    **Introduction**. The threshold in the doorway of the bathroom in the passenger cabin on board the *NCL Escape* is dangerous condition. And NCL knew this. NCL approved the design of the subject threshold, a design which creates an optical illusion and violates numerous industry standards. In the three years before this incident, NCL knew that at least 66 other passengers were injured when they tripped and fell on the threshold in the doorway of the bathroom in the passenger cabin on board the *NCL Escape.* Despite that, NCL allowed the threshold to remain and subjected passengers, like the Plaintiff, to the dangerous condition. As a result of NCL's negligence, the Plaintiff sustained a right shoulder greater tuberosity fracture and an anterior dislocation of the right humerus (long bone in the upper arm between the elbow joint and the shoulder). The Plaintiff underwent an unsuccessful closed reduction of her right shoulder on May 26, 2019 on board the *NCL Escape*. Three days later, in a hospital in Bermuda, the Plaintiff underwent a second closed reduction procedure

to put her dislocated shoulder back in place.

2. On May 12, 2022, Defendant, NCL, filed its Renewed Motion for Summary Judgement and Statement of Facts. See [DE 44 and 45]

3. **Safety Video**. NCL's Motion argues in part that the threshold in the doorway of the bathroom in the passenger cabin on board the *NCL Escape* was not dangerous. In opposition, Plaintiff relies, in part, on NCL's Safety video which demonstrates the threshold is dangerous and NCL knew that. NCL does not oppose conventionally filing the safety video.

4. **Inspection Video**. Additionally, NCL's Motion argues that it provided an adequate warning by and through a sign in the passenger cabin. DE 44, pg. 6. In opposition, Plaintiff relies, in part, on the video from the ship inspection in which David Simpson, NCL's Chief of Security Officer on board the *NCL Escape*, during the inspection, affirmed the inability to see the sign from the cabin bulkhead. Plaintiff's Response SOF ¶ 5; Exhibit C to Plaintiff's Response SOF, 35:00. NCL opposes conventionally filing the Inspection Video.

5. The Plaintiff is contemporaneously filing her Response to Defendant's Motion for Summary Judgment and her Response to Defendant's Statement of Facts.

6. The Plaintiff respectfully moves for leave to conventionally file NCL's Safety video and the video from the inspection on board the *NCL Escape* for the Court's review and consideration.

7. A proposed Order granting the instant motion is attached hereto as **Exhibit 1**.

**WHEREFORE**, Plaintiff, ANGELA WAIKSNORIS, respectfully requests this Honorable Court grant her motion for leave to conventionally file the NCL's Safety video and the video from the inspection on board the *NCL Escape* that she relies on in support of her response to Defendant's Motion for Summary Judgment.

Respectfully submitted,

*/s/ Lisa C. Goodman*
John H. Hickey, Esq.
Fla. Bar No. 305081
Hickey@hickeylawfirm.com
Lisa C. Goodman, Esq.
Fla. Bar No. 118698
lgoodman@hickeylawfirm.com
HICKEY LAW FIRM, P.A.

        1401 Brickell Avenue, Suite 510
        Miami, FL 33131
        Telephone: (305) 371 8000
        Facsimile: (305) 371 3542

## **LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE**

Counsel for the Parties conferred. Counsel for the Defendant does not oppose conventionally filing the Safety Video. Counsel for the Defendant opposes conventionally filing the inspection video.

By: *s/ Lisa C. Goodman*
Lisa C. Goodman (FBN: 118698)
E: lgoodman@hickeylawfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 26TH day of May, 2022. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: *s/ Lisa C. Goodman*
Lisa C. Goodman (FBN: 118698)
E: lgoodman@hickeylawfirm.com

ANGELA WAIKSNORIS vs. NCL (BAHAMAS) LTD d/b/a NORWEGIAN CRUISE LINE, CASE NO.: 1: 20-cv-21557

## SERVICE LIST

| | |
|---|---|
| **John H. Hickey, Esq.** (FBN 305081)<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Lisa C. Goodman, Esq.** (FBN 118698)<br>lgoodman@hickeylawfirm.com<br>dmartinez@hickeylawfirm.com<br>svandiest@hickeylawfirm.com<br>**Hickey Law Firm, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131<br>Tel. (305) 371-8000<br>Fax: (305) 371-3542<br>*Counsel for Plaintiff* | **Michael Gordon, Esq.**<br>mgordon@fflegal.com<br>ihormilla@fflegal.com<br>aloeb@fflegal.com<br>**Jeffrey Foreman, Esq.**<br>jforeman@fflegal.com<br>rpalomino@fflegal.com<br>iortiz@fflegal.com<br>**Foreman Friedman**<br>2 S. Biscayne Boulevard<br>Suite 2300<br>Miami, FL 33131<br>Telephone: (305) 358-6555<br>Facsimile: (305) 374-9077<br>*Counsel for Defendant* |